**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**

**IN AND FOR SUSSEX COUNTY**

THE FREEMAN FOUNDATION ) 
CHARITABLE LEAD ) 
ANNUITY TRUST ) 
       ) 
          Plaintiff, ) 
     v. )    C.A. No. CPU6-13-000662 
       ) 
       ) 
RICHARD N. STUTZ and ) 
LINDA M. STUTZ ) 
       ) 
          Defendant, )

Submitted March 18, 2014
Decided April 25, 2014

Neal J. Levitsky, Esquire, Attorney for Plaintiff
Defendant Richard N. Stutz, *self-represented*
Defendant Linda M. Stutz, *self-represented*

## DECISION ON APPEAL FROM COMMISSIONER'S RECOMMENDATION

For the reasons discussed below, the Plaintiff's Appeal from the Commissioner's Findings of Fact and Recommendation is **GRANTED**.

## Procedural History

On July 1, 2013, Plaintiff, The Freeman Foundation Charitable Lead Annuity Trust filed this debt action against Defendants Richard and Linda Stutz seeking $2,025.00 in unpaid ground rent for their condominium unit at Sea Colony West in Bethany Beach, Delaware. After certified mailings of the summons and complaint in accordance with 10 *Del. C.* § 3104 to Defendant's Tennessee and Delaware residences, Plaintiff filed a Motion for Default Judgment, which was heard by the Commissioner on September 30, 2013. On November 5, 2013, the Commissioner issued a Report recommending that Plaintiff's Motion be denied, essentially finding that Plaintiff had

failed to serve actual notice of the action upon Defendants. On November 14, 2013, Defendant filed an appeal of the Commissioner's recommendation.

## Standard of Review

Default judgment is a case-dispositive determination. When reviewing a Commissioner's decision on a case-dispositive determination, the judge of the Court reviews the decision *de novo.* A judge may accept, reject, or modify in whole or in part the findings or recommendations made by the Commissioner.[1]

## Discussion

Plaintiff contends that it is entitled to default judgment because Defendants have been adequately served under 10 *Del. C.* § 3104, and have failed to timely file a response to the Complaint. Under Civil Rule 55, default judgment is appropriate when, "a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by [the] Rules."[2] Under such circumstances, the Court may enter default judgment upon application of the party entitled to a default judgment.[3] If Plaintiff effected service of process upon the Defendants, it is entitled to default judgment under Rule 55 because Defendants have failed to enter any appearance or file any pleading in this matter to date.

In 2008, the General Assembly amended 10 Del. C. §3104 in an effort to simplify, modernize and harmonize our non-resident service statute with the model rule and the service rules of other states. The goals of the amendment included the dampening of

---

[1] Ct. Com. Pl. Civ. R. 112(A)(4)(iv).
[2] Ct. Com. Pl. Civ. R. 55(a).
[3] Ct. Com. Pl. Civ. R. 55(b).

continual motion filings related to service, the conservation of judicial resources and the reduction of litigation costs.[4] The current service statute provides, in pertinent part:

> (d) When the law of this State authorizes service of process outside the State, the service, when reasonably calculated to give actual notice, may be made:
> (1) By personal delivery in the manner proscribed for service within this State.
> (2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.
> (3) By any form of mail addressed to the person to be served and requiring a signed receipt.
> (4) As directed by a court.
>
> (e) Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner provided or prescribed by the law of this State, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee *or other evidence of personal delivery to the addressee satisfactory to the court*.[5]

"[D]ue process requires [a party] to provide 'notice reasonably calculated, under all circumstances to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[6] Accordingly, "'when an attempted notice letter [is] returned unclaimed, and there was more that reasonably could have been done', it is the responsibility of the party sending notice to take additional steps to ensure proper service."[7]

In its signed Affidavit of Non-Receipt dated September 10, 2013, Plaintiff's attorney details the attempts to serve Defendant. On July 8, 2013, Plaintiff sent a copy of the Complaint, Summons and Notice of Service by certified mail, return receipt

---

[4] *See* Synopsis of 10 Del. C. §3104; *See also Maldonado v. Matthews*, 2010 WL 663723 (Del. Super. 2010).
[5] 10 Del. C. §3104. (*emphasis added*).
[6] *Maldonado*, *supra*, quoting *Jones v. Flowers*, 547 U.S. 220, 221, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2008).
[7] *Id*.

requested to Defendants' record address in Tennessee. This notice was returned as "unclaimed." Then again, on August 7, 2013, Plaintiff sent a copy of the initial filings to Defendants' record address. This second notice was returned as "unclaimed." At the September 30, 2013 motion hearing, Plaintiff's attorney stated that he also sent notices to Defendants' P.O. Box in Delaware, as well as regular mailings to their record address. In an attempt to provide the full story to the bench, Plaintiff's attorney also noted that this is the third action[8] by Plaintiff against Defendants for unpaid ground rent, the residence is currently in the process of foreclosure and the lien holders have the same addresses for service of Defendants as Plaintiff. Moreover, Plaintiff's attorney advised the Court that the Defendants are required to update their address with Plaintiff pursuant to the ground lease.[9]

The Commissioner held that, since the certified mailings were returned as "unclaimed" and not "refused," there was no presumptive notice under the language of § 3104 (h) (2). However, even though subsection (h)(2)gives an automatic presumption of notice only to "refused" un-receipted mailings, it does not mandate that the Court require "refusal" as the *only* proof of notice when a mailing lacks a signed return receipt. Section (h)(1) plainly provides that "[p]roof of . . . the mailing and receipt or refusal of the notice shall be made in such manner as the court, by rule *or otherwise*, shall direct." (Emphasis added.) Further, § 3104 (e) provides "[w]hen service is made by mail, proof of service shall include a receipt signed by the addressee *or other evidence of personal delivery to the address satisfactory to the court*." (Emphasis added.) In

---

[8] *See* CPU6-12-000923 and CPU6-11-002406.
[9] Plaintiff's counsel, as an officer of the Court, represented that the lease agreement requires Defendants notify Plaintiffs of their current address, and mailing was made to that last provided address. Plaintiff offered to provide the Court with a copy of the lease agreement; however, at the motion hearing, the bench determined that such a filing was unnecessary. The Court accepts this uncontested representation of an officer of the Court.

*Maldonado v. Matthews,*[10] the Superior Court held that certified mailings returned as unclaimed may be sufficient proof of notice. In *Maldonado*, as here, the Plaintiff "took additional steps beyond just sending one mailing,"[11] sent multiple mailings both to the address of record, and to another potential address through which Defendants might receive notice, and filed proof of non-receipt with the Court. The Court in *Maldonado* found that "these additional steps demonstrate that Plaintiff took all steps that 'reasonably could be done.'"[12]

Upon a *de novo* review of the record in the present case, the Court finds Plaintiff's evidence of service by mailing satisfactory. The amendments to 10 Del. C. §3104 were enacted to create a *less, not more,* cumbersome service method on out-of-state parties. "Although the statute provides a framework that parties can use when attempting service, it does not provide guidance for every possible situation, and the General Assembly appropriately gave the Court discretion to determine whether service was proper."[13] The record demonstrates that Plaintiff reviewed the records of the lienholders to confirm the proper address for service upon Defendants, which matched the address Defendants had given, and were contractually obligated to provide Plaintiff. Then, multiple mailings were made to two separate addresses provided by Defendants for service. The certified mailings were returned as "unclaimed," not for an insufficient or improper address. Counsel for Plaintiff represented to the Court that the certified mailings were also sent to the same addresses by regular mail. There is no indication in the record that the service sent by regular mail was returned to Plaintiff for any inability to deliver them. I find these efforts reasonably calculated to give actual notice sufficient

---

[10] *Id*. at 4.
[11] *Id.*
[12] *Id. (Citing Jones v. Flowers, op. cit., at 238.)*
[13] *Maldonado v. Matthews*, *supra* at 4.

to meet the requirements of 10 Del. C. §3104, and satisfactory evidence of personal delivery.

Despite this service of notice, Defendants have failed to respond to the Complaint mailed on July 8, 2013, or to any pleading mailed since that time, and have failed to otherwise appear. Plaintiff's motion for default judgment otherwise complies with all of the requirements of Rule 55, and seeks judgment on a sum certain verified by affidavit.

Accordingly, Plaintiff's Appeal from Commissioner's Findings of Fact and Recommendation is **GRANTED**, and the Commissioner's November 5, 2013 Report is **REJECTED.**

Judgment is entered in favor of the Plaintiff, The Freeman Foundation Charitable Lead Annuity Trust, and against the Defendants, Richard N. Stutz and Linda M. Stutz jointly and severally in the principal amount of $2,025.00, with pre-judgment and post-judgment interest at the legal rate, plus costs of suit. Inasmuch as Plaintiff's Complaint neither alleges contractual language entitling it to attorneys' fees, nor includes a contract as an exhibit, the Court declines to award attorneys' fees.

**IT IS SO ORDERED** this _____ day of April, 2014.

_____
Kenneth S. Clark, Jr., Judge